# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **ISWITCH, LLC,**<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**(1) T-MOBILE USA, INC.,**<br>**(2) RESEARCH IN MOTION LTD., and**<br>**(3) RESEARCH IN MOTION CORP.,**<br><br>　　　　　　　　　　　　Defendants. | Civ. Action No.: 6:12-cv-119<br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff ISwitch, LLC ("ISwitch") complains against Defendants T-Mobile USA, Inc. ("T-Mobile"), Research in Motion Ltd. ("RIM Ltd.") and Research in Motion Corporation ("RIM Corp.") as follows:

## PARTIES

1.　　Plaintiff ISwitch is a Delaware limited liability company having its principal place of business at 313 S. Jupiter Road, Suite 105, Allen, Texas.

2.　　On information and belief, Defendant RIM Ltd. is a foreign corporation organized and existing under the laws of the Province of Ontario, Canada, with its principal place of business in Waterloo, Ontario.  RIM Ltd. may be served at its principal place of business at 295 Phillip Street, Waterloo, Ontario N2L 3W8 Canada, by International Registered Mail.

3.　　On information and belief, Defendant RIM Corp. is a Delaware corporation with its principal place of business in Irving, Texas.  RIM Corp.'s designated agent for service of

process in Texas is CT Corporation System, 350 North St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

4. Defendants RIM Ltd. and RIM Corp. are collectively referred to herein as "RIM."

5. On information and belief, Defendant T-Mobile is a Delaware corporation having its principal place of business in Bellevue, Washington.  T-Mobile is registered to do business in Texas and has a place of business at 7624 Warren Parkway, Frisco, Texas 75034, where it regularly conducts business in this District.  T-Mobile's designated agent for service of process in Texas is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Each Defendant has purposely transacted business in this district and/or committed acts of patent infringement in this district in violation of 35 U.S.C. § 271.  Thus, venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

8. Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including deriving revenue from the sale of infringing services and products distributed within the District, conducting at least part of their infringing activities within the District, expecting or reasonably should be expecting their actions to have consequences within the District, and/or deriving substantial revenue from interstate and international commerce.

9. Defendant RIM maintains a significant place of business in Irving, Texas, and conducts substantial business in this District and throughout the State.

10. Defendant T-Mobile maintains a significant place of business in Frisco, Texas, and conducts substantial business in this District and throughout the State.

## FACTUAL BACKGROUND

11. Plaintiff ISwitch is the assignee of United States Patent No. 7,225,334 (the "'334 patent") entitled "Secure Method for Communicating and Providing Services on Digital Networks and Implementing Architecture," and owns all rights, title and interest in and to the '334 patent, including the right to prosecute this action and recover damages for the infringements alleged herein. The '334 patent was duly and legally issued on May 29, 2007. A true and correct copy of the '334 patent is attached as Exhibit A.

12. The '334 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

13. The '334 patent generally discloses a Voice over IP ("VoIP") phone that uses encryption to secure voice communications.

14. Defendant RIM manufactures and sells wireless phones to customers, including wireless carriers such as Defendant T-Mobile, throughout the United States, including the State of Texas.

15. Defendant T-Mobile sells RIM's phones (among others) to customers for use over its cellular network.

16. Upon information and belief, the phones offered for sale, sold and/or used by T-Mobile, including phones provided to it by RIM, in the State of Texas and elsewhere in the United States, are used by T-Mobile's customers, including, among other things, when customers

make phone calls using the cellular phone services provided by Defendant T-Mobile in the State of Texas and elsewhere in the United States.

17. T-Mobile provides a feature known as "Wi-Fi Calling" that is implemented with certain phones purchased by its customers.

18. Upon information and belief, "Wi-Fi Calling" is T-Mobile's name for a service generally known as Unlicensed Mobile Access ("UMA"). UMA's more technical name, as described in the 3GPP technical standards, is Generic Access Network ("GAN").

19. "Wi-Fi Calling" allows customers to utilize a Wi-Fi network to make VoIP phone calls.

20. Upon information and belief, Defendant RIM makes, sells, offers for sale, and uses phones that, when paired with a SIM card, are capable of making VoIP calls according to the GAN standard.

21. Upon information and belief, Defendant T-Mobile sells, offers for sale, and uses RIM's phones along with SIM cards, the combination of which are capable of making VoIP calls on T-Mobile's network according to the GAN standard.

22. Joinder of the Defendants in a single action is proper in this case under 35 U.S.C. § 299 because Plaintiff's patent infringement claims and right to relief are asserted against Defendants jointly, severally, and in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, namely, Defendants' making, using, importing into the United States, offering for sale, or selling of the same accused product or process, and common questions of fact will arise in the action.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,225,334

23. Paragraphs 1-22 are incorporated by reference as if full set forth below.

24. Defendant RIM has been and is now contributorily infringing at least Claim 1 of the '334 patent, literally and/or under the doctrine of equivalents, either alone or in conjunction with others, in the State of Texas, in this judicial district, and elsewhere in the United States. RIM's acts of contributory infringement include, without limitation, selling, offering for sale, and/or importing into the United States phones, including but not limited to the BlackBerry Curve 9360 and BlackBerry Bold 9780 phones, that allow VoIP calls to be conducted according to the GAN standard over Defendant T-Mobile's network, when paired with a SIM card.

25. As explained below, T-Mobile's making, using, selling and/or offering for sale RIM phones paired with SIM cards directly infringes at least Claim 1 of the '334 patent. A mobile phone, such as the above product(s) sold by RIM, is a material component of the invention claimed in the '344 patent. RIM was aware of the '334 patent before this lawsuit was filed, and had knowledge that its phones would be used with SIM cards to enable customers to utilize Wi-Fi Calling capabilities and thus infringe the '334 patent. The infringing hardware and/or software components of RIM's phones have no substantial non-infringing uses. RIM is thus liable for indirect infringement of at least Claim 1 of the '334 patent pursuant to 35 U.S.C. § 271(c).

26. To the extent RIM provides phones to T-Mobile that include SIM cards, or uses phones that practice the GAN standard, RIM also directly infringes at least Claim 1 of the '334 patent pursuant to 35 U.S.C. § 271(a).

27. Defendant T-Mobile has been and now is directly infringing the '334 patent, literally and/or under the doctrine of equivalents, either alone or in conjunction with others, in the State of Texas, in this judicial district, and elsewhere in the United States. T-Mobile's acts of direct infringement include, without limitation, making, using, offering for sale, and/or selling

5

within the United States, and/or importing into the United States, cellular telephones paired with SIM cards, including without limitation, phones provided to it by RIM (e.g., the BlackBerry Curve 9360 and BlackBerry Bold 9780), that infringe at least Claim 1 of the '334 patent. T-Mobile is thus liable for direct infringement of the '334 patent pursuant to 35 U.S.C. § 271(a).

28. On information and belief, Defendant RIM and Defendant T-Mobile have been and now are jointly and severally liable for infringing the '334 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Such infringement includes, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States RIM phones, including without limitation the BlackBerry Curve 9360 and BlackBerry Bold 9780 products, as described above. Defendants RIM and T-Mobile are thus jointly liable for direct infringement of the '334 patent pursuant to 35 U.S.C. § 271(a).

29. Prior to filing this Complaint, Plaintiff gave Defendant RIM written notice that the making, selling, or offering for sale in the United States, of its infringing phones constituted contributory infringement of at least Claim 1 of the '334 patent. Further, both Defendants had notice of their infringing activities at least through Plaintiff's filing of this Complaint.

30. Plaintiff has been damaged a result of Defendants' infringement of the '334 patent. Defendants are liable to Plaintiff in an amount that adequately compensates it for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter:

A. A judgment in favor of Plaintiff that Defendant RIM has indirectly infringed the '334 patent;

B. A judgment in favor of Plaintiff that Defendant T-Mobile has directly infringed the '334 patent;

C. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the '334 patent as provided under 35 U.S.C. § 284; and

D. Any and all other relief to which the Court may deem Plaintiff entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

**Dated: March 9, 2012**                                        Respectfully submitted,

/s/ Barry J. Bumgardner (w/permission Wes Hill)
Barry J. Bumgardner
Texas State Bar No. 24041918
Attorney-in-Charge
Brent N. Bumgardner
Texas State Bar No. 00795272
Jaime K. Olin
Texas State Bar No. 24070363
**NELSON BUMGARDNER CASTO, P.C.**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
barry@nbclaw.net
bbumgardner@nbclaw.net
jolin@nbclaw.net

T. John Ward, Jr.
Texas State Bar. No. 00794818
J. Wesley Hill
Texas State Bar. No. 24032294
**WARD & SMITH LAW FIRM**
111 West Tyler St.

        Longview, Texas 75601
        Tel: (903) 757-6400
        Fax: (903) 757-2323
        jw@wsfirm.com
        wh@wsfirm.com

**COUNSEL FOR PLAINTIFF ISWITCH, LLC**